UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAEL SANCHEZ, individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>          -against-<br><br>VALENTINE2400 LLC, JOHN DOE a/k/a SIMON, and JOHN DOE a/k/a JOHN<br><br>    Defendants. | Case No.:<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT** |

Plaintiff Rafael Sanchez ("Sanchez" or "Plaintiff"), individually, and on behalf of others similarly situated, by and through his attorneys Fisher Taubenfeld LLP, allege against Defendants Valentine2400 LLC ("Valentine 2400"), JOHN DOE a/k/a JOHN ("John"), JOHN DOE a/k/a SIMON ("Simon") (Simon and John are the "Individual Defendants") as follows:

## NATURE OF THE ACTION

1. This is a putative collective action arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") against Defendants for willfully failing to pay Plaintiff Sanchez and a collective of similarly situated persons' wages at the applicable overtime rates.

2. This is also a putative class action arising under Art. 6 of the New York Labor Law ("NYLL") against Defendants for willfully failing to pay Plaintiff Sanchez and a class of similarly situated persons' wages at the applicable overtime rates.

3. This is also a putative class action arising under Art. 6 of the New York Labor Law ("NYLL") against Defendants for willfully failing to proffer wage notice and wage statements to Plaintiff Sanchez and the class that complied with NYLL, Art. 6, § 195.

4. This is also a putative class action arising under Art. 6 of the New York Labor Law ("NYLL") against Defendants for willfully failing to pay Plaintiff Sanchez and the class weekly and not later than seven calendar days after the end of the week in which the wages were earned in violation of NYLL 191(1)(a).

5. On these claims, Plaintiff, individually, and on behalf of the putative class and collective seeks actual and statutory damages, interest, costs, and reasonable attorneys' fees.

6. This is also an individual action arising under the New York City Human Rights Law, N.Y.C. Admin. Code, 8-101 § *et seq*. ("NYCHRL") against Defendants for intentionally and unlawfully discriminating against Plaintiff Sanchez on the basis of age.

7. This is also an individual action arising under the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq*. ("NYSHRL") against Defendants for intentionally and unlawfully discriminating against Plaintiff Sanchez on the basis of age.

8. On these claims, Plaintiff seeks back pay, front pay, emotional distress damages, punitive damages, interest, costs, and reasonable attorneys' fees under the applicable civil rights laws.

9. This is also an individual action arising under the New York common law for breach of contract by Defendants. On this claim, Plaintiff seeks actual damages.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action because it involves a question of federal law, 29 U.S.C. 201 *et seq*.

11. This Court has supplemental jurisdiction over the state law claims because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

12. The venue of this action is proper because Defendant Valentine 2400 resides in this judicial district.

## PARTIES

13. Plaintiff Rafael Sanchez is a natural adult person.

14. Defendant Valentine 2400 LLC is a domestic business corporation organized and existing under the laws of the State of New York.

15. At all times relevant hereto, Defendants have been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

16. At all relevant times hereto, Defendants have been and continue to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

17. Plaintiff and Defendants' other employees regularly handled and used tools and equipment that were moved in or produced for interstate commerce.

18. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

19. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

20. At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff and the putative class and collective.

21. The Individual Defendants each possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

22. The Individual Defendants exercise sufficient operational control over Defendants' operations to be considered Plaintiff's employer under FLSA and New York State Labor Law.

23. At all relevant times hereto, Defendants have been Plaintiff and the putative class and collective's employer within the meaning of the NYLL §§ 2 and 651.

24. At all relevant times hereto, Defendants have employed at least four (4) individuals within the meaning of the NYCHRL and the NYSHRL.

## FACTUAL ALLEGATIONS

25. For over twenty (20) years, Plaintiff Rafael Sanchez has worked as a building superintendent for Defendant Valentine 2400 LLC, which manages more than 50 units in New York City.

26. Defendants directed Plaintiff Sanchez to be on-call as building superintendent 24 hours per day. His typical shift was 7 am to 6 pm, Monday through Friday, but sometimes up until 10 pm Monday through Friday, and he also typically worked two to three (2-3) hours on Saturday or Sunday, but sometimes up to six to seven (6-7) hours on Saturday or Sunday. Plaintiff typically took less than an hour lunch break each full shift, and two to three (2-3) times a week would take no break at all. During the past six (6) years, Plaintiff took no vacation or sick days.

27. For the last eight (8) years, Defendants paid Plaintiff Sanchez a weekly flat rate of $385, regardless of the number of hours worked, in two-week installments via direct deposit.

28. At no time did Defendants proffer Plaintiff Sanchez a paystub or wage notice. When Plaintiff asked his supervisor, Simon, for his paystubs, Simon asked, "why do you want them?" and refused to provide them.

29. On various occasions, Defendants had Plaintiff Sanchez purchase plastering and other materials and at a cost of $100-$200 per repair.

30. Defendants agreed to reimburse Mr. Sanchez for any purchases made towards repairs.

31. Plaintiff Sanchez provided Defendants with about 8-10 receipts of all purchases he made.

32. However, Defendants refused to compensate him for the materials purchased and refused to compensate him for the labor performed under the terms of the contract.

33. In late January 2021, Defendants, through Defendant John, the landlord, stated in sum and substance that it was time for Plaintiff to retire because he was 67 years old. John offered to pay out vacation days and a $40,000 retirement bonus as an incentive, which induced Plaintiff to agree to the terms. Thereafter, John stated to Plaintiff that he would present Plaintiff with the paperwork and bonus soon, and Plaintiff continued to work.

34. But, later, John pretended as if he had not represented the above to Plaintiff and falsely accused the Plaintiff was desiring to quit on his own accord.

35. Thereafter, Defendants ceased paying Plaintiff, effectively terminating his employment.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings the First Cause of Action on behalf of himself and all other persons similarly situated who opt-in to this putative collective action.

37. Plaintiff seeks certification of this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself, individually, and all other similarly situated current and former building superintendents and individuals performing similar duties for Defendants during the period of time starting from three (3) years prior to the commencement of this action to present date who Defendants failed to pay applicable overtime rates for hours worked over forty (40) in any given workweek ("FLSA Collective").

38. The consent to sue form for the Plaintiff is attached hereto as **Exhibit 1.**

39. Upon information and belief, FLSA Collective consists of at least 40 current and former building superintendents and/or employees with similar duties.

40. At all relevant times, Plaintiff and the FLSA Collective were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek. The claims of Plaintiff stated herein are similar to those of the FLSA Collective.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23 FOR VIOLATIONS OF THE NYLL

41. Plaintiff brings the Second, Third, Fourth and Fifth Causes of Action on behalf of himself and all other persons similarly situated as a class action pursuant to Fed. R. Civ. P. 23.

42. Plaintiff seeks certification of this action as a class action on behalf of himself, individually, and all other similarly situated current and former building superintendents and individuals performing similar duties for Defendants during the period of time starting from six (6) years prior to the commencement of this action to present date who Defendants willfully failed to pay applicable overtime rates for hours worked over forty (40) in any given workweek, willfully failed to proffer NYLL-compliant wage notice and wage statements, and willfully failing to pay weekly and not later than seven calendar days after the end of the week in which the wages were earned ("NYLL Class").

43. Upon information and belief, the NYLL Class consists of not less than 40 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

44. There are questions of law and fact common to the NYLL Class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff and the NYLL Class by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

45. The claims of Plaintiff are typical of the claims of the NYLL Class in that all the members of the class have been similarly affected by the acts and practices of the Defendants.

46. Plaintiff will fairly and adequately protect the interests of the members of the NYLL Class, in that his interests are not adverse to the interests of the other members of the class.

47. Plaintiff has retained counsel competent in class action and wage and hour litigation.

48. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23(b)(3).

## FIRST CAUSE OF ACTION
**Overtime Wage Violations under the Fair Labor Standards Act of 1938**

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. During the applicable statute of limitations period, Plaintiff and the FLSA Collective regularly worked more than 40 hours in a given work week for Defendants.

51. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiff and the FLSA Collective's wages at the applicable overtime rate for all hours worked over 40 in a given work week and willfully failed to record and maintain Plaintiff and the FLSA Collective's accurate timekeeping records, in violation of the FLSA.

52. As a result, Plaintiff and the FLSA Collective seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by FLSA, as well as such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Overtime Wage Violations under Art. 6 of the New York Labor Law

53. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54. During the applicable statute of limitations period, Plaintiff and the NYLL Class regularly worked more than 40 hours in a given work week for Defendants.

55. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiff and the NYLL Class wages at the applicable overtime rate for all hours worked over 40 in a given work week in violation of the NYLL.

56. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### Wage Notice Violations under Art. 6 of the New York Labor Law

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. At no time during Defendants' employment of Plaintiff and the NYLL Class did Defendants proffer NYLL-compliant wage notices to Plaintiff or the NYLL Class pursuant to § 195(1) of the NYLL.

59. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### Wage Statement Violations under Art. 6 of the New York Labor Law

60. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61. At no time during Defendants' employment of Plaintiff and the NYLL Class did Defendants proffer NYLL-compliant wage statements to Plaintiff or the NYLL Class pursuant to § 195(3) of the NYLL.

62. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### FIFTH CAUSE OF ACTION
### Weekly Payment Violations under Art. 6 of the New York Labor Law

63. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64. At no time during Defendants' employment of Plaintiff and the NYLL Class did Defendants pay Plaintiff and the NYLL Class weekly and not later than seven calendar days after the end of the week in which the wages were earned in violation of NYLL 191(1)(a).

65. As a result, Plaintiff and the NYLL Class seek statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

### SIXTH CAUSE OF ACTION

### Intentional and Unlawful Discrimination on the Basis of Age in Violation of the New York City Human Rights Law, N.Y.C. Admin. Code, 8-101 § et seq. ("NYCHRL")

66. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67. Defendants terminated Plaintiff on the basis of his age (67), intentionally, willfully, and in violation of the NYCHRL.

68. As a result, Plaintiff seeks front pay, back pay, damages for emotional distress, punitive damages, interest, costs, and reasonable attorneys' fees, as well as such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CAUSE OF ACTION

**Intentional and Unlawful Discrimination on the Basis of Age in Violation of the New York State Human Rights Law, N.Y. Exec. § 290 et seq. ("NYSHRL")**

69. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70. Defendants terminated Plaintiff on the basis of his age (67), intentionally, willfully, and in violation of the NYSHRL.

71. As a result, Plaintiff seeks front pay, back pay, damages for emotional distress, punitive damages, interest, costs, and reasonable attorneys' fees, as well as such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CAUSE OF ACTION
**Breach of Contract Under New York Common Law**

72. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants entered into a contract with Plaintiff to advance the costs of building materials and performing plastering and construction labor.

74. Plaintiff performed according to the terms of the contract, and Defendants failed to reimburse Plaintiff for the cost of building materials advanced and failed to compensate Plaintiff for  hours of labor at the agreed upon rate.

75. As a result, Plaintiff seeks actual damages, as well as such other legal and equitable relief as this Court deems just and proper.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff, individually and behalf of the FLSA Class and NYLL Class respectfully seeks the following relief:

a. An order certifying this action as a collective action under 29 U.S.C. § 216;

b. An order certifying this action as a class action under Fed. R. Civ. P. 23;

c. An order certifying Plaintiff as representative of the FLSA Class and NYLL Class;

d. An order certifying Plaintiff's counsel as counsel for the FLSA Class and NYLL Class;

e. An order granting permission to Plaintiff to disseminate notice of the instant action to the FLSA Class and NYLL Class;

f. An order granting permission to Plaintiff to disseminate notice to the FLSA Class regarding the procedure to opt-in to this action under 29 U.S.C. § 216;

g. An order awarding actual damages under the FLSA and/or NYLL;

h. An order awarding statutory damages under the FLSA and/or NYLL;

i. An order awarding front pay, back pay, damages for emotional distress, and punitive damages under the NYSHRL and/or NYCHRL;

j. An order awarding prejudgment interest;

k. An order awarding Plaintiffs' costs and reasonable attorneys fees';

l. An order awarding Plaintiff's actual damages as a result of Defendants' breach of contract; and

    m. All other relief the Court deems just and proper.

Dated: September 1, 2021
       New York, New York

                                   Respectfully submitted,

By: _____
Michael Taubenfeld, Esq.
FISHER TAUBENFELD LLP
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
Facsimile: (212) 233-3801
*ATTORNEYS FOR PLAINTIFFS*